**HUI ZHENG, also known as Chun Hua Xu, Petitioner,**

v.

**Alberto R. GONZALES[1], Respondent.**

No. 04–6283–ag.

United States Court of Appeals, Second Circuit.

March 28, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for Attorney General John Ashcroft.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, New York, for Petitioner.

Drew H. Wrigley, United States Attorney for the District of North Dakota, Fargo, North Dakota, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Zheng, a citizen of the People's Republic of China, seeks review of a November 10, 2004 order of the BIA denying as untimely his motion to reopen removal proceedings. *In Re Hui Zheng, a.k.a. Chun Hua Xu*, No. A74 333 465 (B.I.A. Nov. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say,

where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). The record reflects that on July 18, 2003, the BIA dismissed Zheng's appeal from the Immigration Judge's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture, and that Zheng filed his motion to reopen on September 16, 2004. A motion to reopen must be filed within 90 days of the final administrative decision in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1). Because Zheng filed his motion to reopen almost a year after the deadline imposed by the regulations, the BIA did not abuse its discretion in denying that motion as untimely.

■ Zheng's claim that the filing deadline should be tolled because he received ineffective assistance of counsel is unavailing. This Court has held that the 90–day filing deadline may be tolled to avoid inequitable circumstances, such as when a petitioner has suffered ineffective assistance of counsel. *Iavorski v. United States INS*, 232 F.3d 124, 129, 134 (2d Cir.2000). The BIA has also laid out certain procedures with which a petitioner must comply in order to prevail on a motion to reopen based on ineffective assistance of counsel. *See Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

Contrary to the facts as recounted in Zheng's brief, the record indicates that Zheng appeared *pro se* during his motion to reopen and that the lawyer who he now alleges was ineffective at that stage was not his counsel during the agency proceedings. In any event, Zheng has made no attempt to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and has thus forfeited his inef-

fective assistance of counsel claim in this Court. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 45–47 (2d Cir. 2005).

█ Zheng's argument that the BIA's denial of his motion to reopen was so conclusory or summary as to be an abuse of discretion is also without merit. The BIA abuses its discretion when, *inter alia*, its decision "contains only summary or conclusory statements." *Singh v. U.S. Dep't of Justice*, 461 F.3d 290, 293 (2d Cir.2006). The BIA's decision here recounted the necessary facts and law to support the decision reached; specifically, that Zheng's motion to reopen was untimely filed and that he had not offered any explanation for the delay.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).